UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETZ WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO GENERAL HOSPITAL,<br><br>　　　　Defendant. | Case No. 23-cv-05505-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.　INTRODUCTION

Plaintiff Bretz Washington, proceeding pro se, filed a complaint and application to proceed in forma pauperis. ECF Nos. 1, 2. For the reasons stated below, the Court **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e). No later than December 6, 2023, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order. If Plaintiff fails to cure these deficiencies, the case will be reassigned to a Unites States district judge with a recommendation for dismissal.

## II.　BACKGROUND

Plaintiff has filed a form complaint naming San Francisco General Hospital as the defendant, after being admitted to San Francisco General Hospital for life-threatening injuries. Compl. at 3, ECF No. 1. Plaintiff alleges "the staff did save my life but upon gaining conscious beging [sic] speaking From my Injuries one of the nurses say, I got to court in the Hospital I was almost killed on the street of SF, They said they were ready with pepper spray on hand." *Id.* at 3-4. Plaintiff "did not like this treatment absolutely want to leave I had to be restrained. Next day young lady of Asian American kept saying to me, we Need a black leadership, I did Tell the staff

at hospital, I was Native American." *Id.* at 4.  Plaintiff alleges "she just kept laughing and kept repeating same Thing.  The Next shift a older African American lady, I had asked to call the Nurse she replied IF you is African a young brother, I say No so she can't call." *Id.* at 4.  Plaintiff further alleges: "A couple of days after the restrain was moved off, a Mexican American Therapy kept stepping on my wraps I said to put them on again he said so what you going do about It.  Somebody had removed him From his position.  A couple days later I got constipated For to much electron so I Need pills to make my bowels move I said No For the anal the Nurse still stuck it up my anal." *Id.*

In the Jurisdiction section of the complaint, Plaintiff checked the box for federal question jurisdiction. *Id.* at 2.  Plaintiff lists one claim for "Civil Right," alleging:

> 1. I've received hate From the staff I've been used For torture I was use humiliated abuse all this happen why I recovering From life threatened Injuries.
>
> 2. I Feel like IF I ever went back my life ain't worth saFeing [sic].
>
> 3. When I went back on October 16th of year 10/26/23 when I went back For a complaint For at First I was not allowed to go to the InFormation booth.  I had to wait at the Interest door, I said can I get some water she [illegible] Fountain.

*Id.* at 5.  Plaintiff is "asking for $75,000 using as a human torture For a New system and For prejudice and abuse." *Id.* at 6.

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees.  Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it is

2

frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

As Plaintiff is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). However, it may not add to the factual allegations in the complaint. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**B.  Application**

   **1.  Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kikkonen*, 511 U.S.

at 377.

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

The Court is unable to discern any cognizable claim in Plaintiff's complaint. As to federal question jurisdiction, Plaintiff has not identified any specific statute or constitutional right that has been violated. As to diversity jurisdiction, the allegations in the complaint indicate that all parties are citizens of the same state (California) and are non-diverse. As such, jurisdiction appears to be lacking.

2. **Rule 8**

Plaintiff's complaint also fails to satisfy Federal Rule of Civil Procedure 8. "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Coleman v. Beard*, 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) ("While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Thus, to comply with Rule 8's pleading

4

requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing; and (3) how you were harmed.

## V.   CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint. Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by December 6, 2023.

**A.   REQUIREMENTS FOR AMENDED COMPLAINT**

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (23-cv-05505-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

B.  **RESOURCES**

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: November 6, 2023

THOMAS S. HIXSON
United States Magistrate Judge